# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SYLVIA REYNA,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>　　　　Defendant. | Case No.  1:22-cv-00484-SAB<br><br>ORDER GRANTING PETITIONER'S MOTION FOR ATTORNEY FEES PURSUANT TO 42 U.S.C. § 406(b)<br><br>(ECF Nos. 23, 24) |

Petitioner Young Cho ("Counsel"), attorney for Sylvia Reyna ("Plaintiff"), filed the instant motion for attorney fees on September 17, 2024.  Counsel requests fees in the amount of $22,021.00 pursuant to 42 U.S.C. § 406(b)(1).  Plaintiff has not objected to the request and the time to do so has passed.  On October 1, 2024, Defendant Social Security Commissioner, as a de facto trustee for Plaintiff, filed a response to Petitioner's motion providing an analysis of the fee request.

**I.**

**BACKGROUND**

Plaintiff filed the instant complaint challenging the denial of social security benefits on April 25, 2022.  (ECF No. 1.)  On December 5, 2022, a stipulation for voluntary remand was filed.  (ECF No. 18.)  The Court entered judgment in Plaintiff's favor and the action was remanded on December 6, 2022.  (ECF Nos. 19, 20.)  On February 7, 2023, Plaintiff was awarded attorney fees of $3,600.00 at the stipulation of the parties.  (ECF No. 22.)

On remand, the ALJ found that Plaintiff was disabled as of March 9, 2018, and past

benefits were awarded in the amount of $88,086.72.[1]  (ECF No. 23-2 at 10.)  The Commissioner withheld $22,021.68 from the past-due benefit for attorney fees.  This amount equals 25 percent of the retroactive benefit award.  (ECF No. 23-3 at 4.)  Petitioner has previously received payment of $3,600.00 in EAJA fees.  (ECF No. 22.)  In the instant motion, Petitioner seeks $22,021.68 for work performed in this action.

## II.

## LEGAL STANDARD

In relevant part, 42 U.S.C. § 406(b)(1)(A) provides that when a federal court "renders a judgment favorable to a claimant . . . who was represented before the court by an attorney," the court may allow reasonable attorney fees "not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment."  The payment of such award comes directly from the claimant's benefits.  42 U.S.C. § 406(b)(1)(A).

The Supreme Court has explained that a district court reviews a petition for section 406(b) fees "as an independent check" to assure that the contingency fee agreements between the claimant and the attorney will "yield reasonable results in particular cases."  Gisbrecht v. Barnhart, 535 U.S. 789, 807 (2002).  The district court must respect "the primacy of lawful attorney-client fee agreements," and is to look first at the contingent-fee agreement, and then test it for reasonableness."  Crawford v. Astrue, 586 F.3d 1142, 1148 (9th Cir. 2009).  The twenty-five percent maximum fee is not an automatic entitlement, and courts are required to ensure that the requested fee is reasonable.  Gisbrecht, 535 U.S. at 808–09 ("§ 406(b) does not displace contingent-fee agreements within the statutory ceiling; instead, § 406(b) instructs courts to review for reasonableness fees yielded by those agreements").  Agreements seeking fees in excess of twenty-five percent of the past-due benefits awarded are not enforceable.  Crawford, 586 F.3d at 1148.  The attorney has the burden of demonstrating that the fees requested are reasonable.  Gisbrecht, 535 U.S. at 808; Crawford, 586 F.3d at 1148.

---

[1] The award letter does not state the amount of back benefits awarded, but does state that twenty five percent, or $22,021.68, was withheld from the past due benefits.  (ECF No. 23-3 at 4.)  This would make the total award $88,086.72 (4 x $22,021.68).

In determining the reasonableness of an award, the district court should consider the character of the representation and the results achieved. Gisbrecht, 535 U.S. at 800. Ultimately, an award of section 406(b) fees is offset by an award of attorney fees granted under the EAJA. Gisbrecht, 535 U.S. at 796.

The Ninth Circuit has identified several factors that a district court can examine under Gisbrecht in determining whether the fee was reasonable. In determining whether counsel met his burden to demonstrate that the requested fees are reasonable, the court may consider (1) the standard of performance of the attorney in representing the claimant; (2) whether the attorney exhibited dilatory conduct or caused excessive delay which resulted in an undue accumulation of past-due benefits; and (3) whether the requested fees are excessively large in relation to the benefits achieved when taking into consideration the risk assumed in these cases. Crawford, 586 F.3d at 1151.

**III.**

**DISCUSSION**

The Court has conducted an independent check to insure the reasonableness of the requested fees in relation to this action. Gisbrecht, 535 U.S. at 807. Here, the fee agreement between Plaintiff and Petitioner provides for a fee of "25% of all past due benefits awarded upon reversal of any unfavorable ALJ decision for work before the Social Security Administration." (Social Security Representation Agreement, ECF No. 23-1.) Plaintiff has been awarded benefits from September 2018 through July 2024 in the amount of $88,086.72. (ECF Nos. 23-2, 23-3.) In determining the reasonableness of the fees requested, the Court is to apply the test mandated by Gisbrecht.

There is no indication that a reduction of fees is warranted for substandard performance. Counsel is an experienced, competent attorney who secured a successful result for Plaintiff. Although this action does involve six years of backpay, there is no indication that Counsel was responsible for any substantial delay in the court proceedings. Plaintiff agreed to a 25 percent fee at the outset of the representation and Petitioner is seeking payment of $22,021.00. Considering the prior award of $3,600.00 the total amount sought by Petitioner is $18,421.00,

1  which is 20.9 percent of the backpay award.  The $18,421.00 fee is not excessively large in
2  relation to the past-due award of $88,086.72.  In making this determination, the Court recognizes
3  the contingent nature of this case and Counsel's assumption of the risk of going uncompensated.
4  Hearn v. Barnhart, 262 F.Supp.2d 1033, 1037 (N.D. Cal. 2003).

5      In support of the motion, Petitioner submits a log of the time spent in prosecuting this
6  action.  (ECF No. 23-4.)  The log demonstrates that Petitioner spent 16.6 hours on this action.
7  (Id.)  When considering the total amount requested by Petitioner, the fee request translates to
8  $1,326.57 per hour for Petitioner's services in this action.  In Crawford, the appellate court found
9  that a fee of $875 and $902 per hour, for time of both attorneys and paralegals, was not
10 excessive.  Crawford, 486 F.3d at 1152 (dissenting opinion).  Further, since Gisbrecht, courts
11 note that reducing a fee request is dicey business and find fee awards much higher than this to be
12 reasonable.  Williams v. Berryhill, No. EDCV 15-919-KK, 2018 WL 6333695, at *2 (C.D. Cal.
13 Nov. 13, 2018) (awarding fee request that provides an hourly rate of $1,553.36 per hour); Coles
14 v. Berryhill, No. EDCV 14-1488-KK, 2018 WL 3104502, at *3 (C.D. Cal. June 21, 2018)
15 (effective hourly rate of $1,431.94 reasonable under the circumstances); Palos v. Colvin, No. CV
16 15-04261-DTB, 2016 WL 5110243, at *2 (C.D. Cal. Sept. 20, 2016) (fees sought translate to
17 $1,546.39 per hour for attorney and paralegal services); see also Villa v. Astrue, No. CIVS-06-
18 0846 GGH, 2010 WL 118454, at *1, n.1 (E.D. Cal. Jan. 7, 2010) ("In practice, the more efficient
19 counsel is in court, the higher will be the hourly fee amount represented in a § 406 fee award.")

20     The Court finds that the requested fees are reasonable when compared to the amount of
21 work Petitioner performed in representing Plaintiff in court.  Petitioner's representation of the
22 claimant resulted in the action being remanded for further proceedings and ultimately benefits
23 were awarded.  Petitioner also submitted a detailed billing statement which supports the request.
24 (ECF No. 23-4.)

25     The award of Section 406(b) fees is offset by any prior award of attorney fees granted
26 under the EAJA.  28 U.S.C. § 2412; Gisbrecht, 535 U.S. at 796.  In this instance, Petitioner has
27 previously been awarded $3,600.00 in EAJA fees and the award of fees under Section 406(b)
28 must be offset in that amount.

# IV.

# CONCLUSION AND ORDER

For the reasons stated above, the Court finds that the fees sought by Petitioner pursuant to Section 406(b) are reasonable. Accordingly, IT IS HEREBY ORDERED that:

1. Petitioner's motion for an award of attorney fees pursuant to Section 406(b) in the amount of $22,021.00 is GRANTED;

2. Pursuant to counsel's request, this amount shall be paid directly to the Law Offices of Lawrence D. Rohlfing. The Commissioner is to remit to Plaintiff the remainder of his withheld benefits; and

3. Petitioner is ordered to refund $3,600.00 of the Section 406(b) fees awarded to Plaintiff as an offset for EAJA fees previously awarded pursuant to 28 U.S.C. § 2412(d).

IT IS SO ORDERED.

Dated:  **October 9, 2024**

UNITED STATES MAGISTRATE JUDGE